UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Samuel Zean, on behalf of
himself and all others similarly
situated,

Civ. No. 15-3217 (PAM/HB)

Plaintiff,

v.                                                                      **MEMORANDUM AND ORDER**

Fairview Health Services
d/b/a Fairview Home
Medical Equipment,

Defendant.

_____

This matter is before the Court on Defendant Fairview Health Services' Motion to Dismiss Plaintiff Samuel Zean's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. For the reasons that follow, Fairview's Motion is granted.

**BACKGROUND**

Fairview Health Services ("Fairview") is a Minnesota nonprofit corporation operating clinics and hospitals within the state. In September 2014, Plaintiff Samuel Zean purchased sleep therapy equipment from Fairview, which required him to renew supplies like masks, cushions, and headgear every three to six months. (Compl. ¶ 10.) Zean alleges that since September 2014, Fairview has called him at least every three months, playing a prerecorded message each time, and that if Zean does not answer his phone or does not place an order with Fairview, Fairview calls every day with the same automated message. (Id. ¶ 12.) Zean says that the calls are made using an automatic

dialer, and play prerecorded messages during a call or in a voicemail. (Id. ¶ 14.) These messages prompt Zean to either purchase supplies, or indicate that he does not wish to receive any supplies at this time. (Id. ¶ 15.) When no selection is made, the prompt is repeated three more times. The message provides an option to have the cost of the replacement supplies billed directly to the patient's insurance. (Id.) Zean states that he received 25 or more of these "telemarketing" calls between September 2014 and the time he filed his Complaint, August 5, 2015. (Id. ¶ 17.)

There is no automated option to opt out of future calls, so Zean called the number from which he had been receiving the automated calls and spoke to an employee, and asked that the calls stop. (Id. ¶¶ 18, 19.) The employee agreed, and told Zean to call back when he needed to order supplies. (Id. ¶ 19.) Zean does not allege when he called the employee to opt out or whether the calls stopped after this.

Zean claims that Fairview called another unidentified person who had purchased a medical device from Fairview approximately 100 times (id. ¶ 20), and that thousands of wireless telephone numbers received the same or similar calls and voicemail messages from an automatic dialing system. (Id. ¶ 21.) Zean thus brings this case as a putative class action on behalf of all persons "who received one or more unauthorized automated or pre-recorded phone calls or voicemail messages from or on behalf of Fairview or any of its subsidiaries or affiliates." (Id. ¶ 22.) Zean seeks: (1) class certification, (2) actual and statutory damages, (3) pre-judgment and post-judgment interest, (4) a permanent

injunction requiring Fairview to "cease all phone call and voicemail message advertising activities," and (5) costs and attorney's fees.

Fairview moves to dismiss the Complaint, arguing that the calls were not "telemarketing" calls, and that if they were, Zean authorized the calls by signing a written consent form and by providing a cellular telephone number as the number where he could be reached. Fairview filed an affidavit with an exhibit showing a heavily redacted version of the consent form. One nonredacted portion, the written consent, states:

> I understand Fairview may need to contact me in regard to my services and accounts. I give permission for Fairview and its approved agents to contact me by phone (including my cell phone). This may include the use of automatic dialers or pre-recorded messages.

(McCartney Decl. (Docket No. 13), Ex. A.) Fairview explains that the redactions to the exhibit were necessary under federal and state health information privacy laws.

Zean responds that lack of prior express consent is an affirmative defense and is not a basis for a motion to dismiss, because the defense does not appear on the face of the Complaint. Zean also contends that Fairview's Motion is premised on exhibits outside the pleadings, and that even if the exhibits are considered, Zean's written consent did not encompass consent to the types of calls underlying the TCPA claims, namely telemarketing calls.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating a motion to dismiss, the Court must accept factual allegations as true, Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), but it need not give effect to those that simply assert legal conclusions, McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

The TCPA prohibits the use of any automatic telephone dialing system to call any telephone number assigned to a cellular telephone service, unless for an emergency purpose or with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). The TCPA's implementing regulations prohibit anyone from initiating telemarking calls to cellular phones using an automatic telephone dialing system or an artificial or prerecorded voice without "prior express written consent . . . or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization." 47 C.F.R. § 64.1200(a)(2). "[P]rior express written consent" is defined as a signed, written agreement that

> clearly authorizes the seller to deliver . . . advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and [specifying] the telephone number to which . . . such . . . messages [are] to be delivered.

4

47 C.F.R. § 64.1200(f)(8).

Fairview argues that as a tax-exempt nonprofit organization, the TCPA does not prevent Fairview from making telemarketing calls to cellular phones using an automatic dialing system with the called party's prior express consent. According to Fairview, Zean provided written consent to automated and pre-recorded calls by signing the consent form and by providing his cellular telephone number. The Federal Communications Commission ("FCC"), which is authorized by Congress to "prescribe regulations to implement the requirements" of the TCPA, 47 U.S.C. § 227(b)(2)(f), has stated that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary," In re Rules and Regs. Implementing Tel. Consumer Prot. Act of 1991, 7 F.C.C.R. 8752, 8769 ¶ 31 (Oct. 16, 1992).

### A. Prior express consent is an element of the TCPA.

Zean alleges that express consent is not an element of a prima facie TCPA case. Rather, Zean contends, it is an affirmative defense for which Fairview bears the burden of proof. Zean cites Elkins v. Medco Health Solutions, Inc., No. 12cv2141, 2014 WL 1663406, at *6 (E.D. Mo. Apr. 25, 2014), which dismissed plaintiff's TCPA claim on summary judgment because plaintiff provided her phone number on a benefits enrollment form and signed a form giving defendant permission to use her personal information to inform her about health-related services. The Elkins court construed "express consent"

5

as an affirmative defense, quoting a section of the TCPA implementing regulations that applies to creditors: "'[w]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent' because the creditor is 'in the best position to have records kept in the usual course of business showing such consent.'" Id. at *6 (quoting In re Rules and Regs. Implementing Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 565 ¶ 10 (Jan. 4, 2008)).

Elkins found support in the decisions of "one circuit court and many district courts," none of which are in the Eighth Circuit, that "have concluded that consent is an affirmative defense that must be pleaded and proven by the defendant." Elkins, 2014 WL 1663406 at *6. However, the Elkins court also noted that the Eighth Circuit Court of Appeals has not addressed the issue whether the plaintiff or the defendant has the burden of proving prior express consent.

The plain language of the TCPA classifies lack of prior express consent as an element of a prima facie TCPA claim:

> It shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to . . . cellular telephone service.

47 U.S.C. § 227(b)(1)(A). Fairview argues that Steinhoff v. Star Tribune Media Co., LLC confirms this reading of the statute. No. 13cv1750, 2014 WL 1207804, at *1 (D. Minn. Mar. 24, 2014) (Nelson, J.) (granting judgment on the pleadings in TCPA action

involving newspaper subscription).  Under Steinhoff, to establish a prima facie claim under the TCPA, Zean must prove that: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."  Id. at *2.  The Court agrees with Fairview that lack of prior express consent is an element of Zean's prima facie case under the TCPA, rather than an affirmative defense.

**B. The consent forms are embraced by the pleadings.**

Zean asserts that his claims must survive dismissal because Fairview's Motion is premised entirely on documents outside the pleadings, namely, a consent form and a questionnaire, both heavily redacted.  (McCartney Decl., Exs. A, B.)  When considering a motion to dismiss under Rule 12(b)(6), courts generally may not consider materials outside the pleadings.  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).  The Court may, however, consider "materials that are necessarily embraced by the pleadings."  Smithrud v. City of St. Paul, 746 F.3d 391, 395 (8th Cir. 2014) (citation omitted).

Relying on Carnes v. IndyMac Mortgage Services, No. 10cv3005, 2010 WL 5276987 (D. Minn. Dec. 17, 2010) (Kyle, J.), and Soular v. Northern Tier Energy LP, No. 15cv556, 2015 WL 5024786 (D. Minn. Aug 25, 2015) (Nelson, J.), Zean argues that because he does not allege in the Complaint that he consented to receiving calls from Fairview, the questionnaire and consent form are not embraced by the pleadings and

therefore this action must not be dismissed. In Carnes, the defendant filed a motion to dismiss the plaintiff's TCPA claim, arguing that the plaintiff expressly consented to being contacted on her cellular phone, pointing to the loan application at issue, attached to the complaint, which listed an unspecified phone number. 2010 WL 5276987 at *5. The defendant asked the court to infer that the number Carnes had provided on the loan application was her cellular phone number. Carnes, 2010 WL 5276987 at *5. The court denied the defendant's motion, because nothing in Carnes' complaint allowed the court to infer that the number the plaintiff had provided was her cellular phone number. Although the parties dispute whether Carnes is instructive, the Carnes court did not discuss the issue of whether the loan application, or any other document, was necessarily embraced by the pleadings. There, the discussion centered on whether the court could infer that by providing an unidentified phone number, Carnes had provided her cellular phone number and therefore consented to being called on her cellular phone. Carnes is inapposite.

In Soular, which was also before the court on the defendants' motion to dismiss, the plaintiff claimed that he had received SuperAmerica promotional text messages generated by defendants' automatic telephone dialing system in violation of the TCPA. 2015 WL 5024786 at *1. One defendant submitted an affidavit alleging that the plaintiff consented to the texts because he initiated contact with SuperAmerica by sending it a text from his cellular phone. Id. at *4. The court refused to consider the affidavit, having already determined that the same affidavit was not embraced by the complaint on

different grounds, id. at *3, and without that affidavit no allegations in the complaint allowed the court to infer that the plaintiff had consented to the texts. Id. at *5. Even if the court had considered the defendant's affidavit, additional questions remained regarding whether initiating a text could be considered providing express written consent.

Here, the fact of consent may be inferred from the allegations in the Complaint. Unlike Soular, Zean concedes in the Complaint that he had a preexisting relationship with Fairview that related to the phone calls at issue. (Compl. ¶ 10 (Zean "purchased a medical device from Defendant that requires him to periodically purchase supplies for its continued use").) Once Zean purchased the device, Fairview began calling Zean on his cellular phone, "solicit[ing] him to purchase home medical supplies from Defendant using its automated telephone system." (Id. ¶ 11.) The probability that, after Zean bought equipment from Fairview, Fairview began calling Zean's cellular phone regarding replacement supplies for that equipment without Zean having given Fairview his cellular phone number is remote. Because the Court infers that Zean provided Fairview with his cellular phone number based on factual allegations in the Complaint, the exhibits at issue are embraced by the pleadings and will be considered by the Court.

Steinhoff supports this determination. 2014 WL 1207804 at *1. In Steinhoff, the parties disputed whether a newspaper subscription order form that the plaintiff had signed and written her cellular phone number on and an audio recording of a phone call between the parties were necessarily embraced by the pleadings. Id. at *2. The plaintiff did not

9

mention the subscription order form specifically in her complaint, but did state that she had paid for a newspaper subscription offered by the defendant. Even though Steinhoff alleged in her complaint that she did not provide express written consent to receive cellular phone calls, the court found that because the plaintiff also stated that she had subscribed to the Star Tribune and discussed the telephone conversation in her complaint, it was appropriate to consider both exhibits. Although like Steinhoff, Zean claims that he did not provide express written consent to cellular phone calls, he also admits in the Complaint that he purchased medical equipment from Fairview, and that the calls related to that medical equipment. Therefore, the questionnaire and consent form are embraced by the pleadings and the Court will consider them.

### C. The calls were within the scope of Zean's consent

Finally, Zean argues that even if the Court considers the questionnaire and consent form, Fairview's Motion should be denied for lack of prior express consent. The Court has already determined that Zean gave Fairview his cellular phone number when he wrote it on the questionnaire. (McCartney Decl., Ex B.) According to the FCC, providing a phone number to a healthcare provider "constitutes prior express consent for healthcare calls . . . if the covered entities . . . are making calls within the scope of the consent given, and absent instructions to the contrary." In re Rules and Regs. Implementing Tel. Consumer Prot. Act of 1991, 30 F.C.C.R. 7961, 8028 ¶ 141 (July 10, 2015). The FCC further explained:

> By "within the scope of consent given, and absent instructions to the contrary," we mean that the call must be closely related to the purpose for which the telephone number was originally provided. For example, if a patient provided his phone number upon admission to a hospital for scheduled surgery, then calls pertaining to that surgery or follow-up procedures for that surgery would be closely related to the purpose for which the telephone number was originally provided.

Id. at n. 474.

Zean argues that subsequent FCC orders have mandated that providing a cellular phone number does not constitute carte blanche consent to receive automated marketing messages, citing Kolinek v. Walgreen Co., No. 13cv4806, 2014 WL 3056813, at *2 (N.D. Ill. July 7, 2014). In Kolinek, Zean argues, the court held that the FCC orders on prior express consent establish a rule that the scope of a consumer's consent depends on the context and purpose for which it was provided.

Zean did not simply provide his cellular phone number to Fairview, he signed a consent form authorizing Fairview to "contact [him] in regard to [his] services and accounts." Although Fairview may have been trying to ensure that it, rather than another supplier, procured Zean's business, the calls also served as a reminder and a means for Zean to purchase new supplies for his medical equipment. The calls were closely related enough to the language of the consent form to satisfy FCC regulations.

**CONCLUSION**

Zean consented to receiving cellular phone calls from Fairview in relation to his purchase of medical equipment. Zean has failed to establish a prima facie TCPA claim. Accordingly, **IT IS HEREBY ORDERED** that Fairview's Motion to Dismiss (Docket No. 11) is **GRANTED**, and all claims in this action are **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 24, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge